**Original filed 2/14/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CHAVEZ,<br><br>           Plaintiff,<br><br>  vs.<br><br>R.N. CROSBY, et al.,<br><br>           Defendants. | No. C 04-5071 JF (PR)<br><br>ORDER GRANTING<br>PLAINTIFF'S REQUEST FOR<br>STATUS; ORDER OF SERVICE<br><br><br>(Docket No. 11) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant

to 42 U.S.C. § 1983 against medical personnel at Salinas Valley State Prison. Plaintiff has been

granted leave to proceed in forma pauperis. The Court initially dismissed Plaintiff's complaint

against Defendant Parker with leave to amend and found Plaintiff's claims against Defendants

Crosby, Turner, Lucine, and Park were cognizable pursuant to 42 U.S.C. § 1983. Thereafter,

Plaintiff filed an amended complaint. Plaintiff also filed a motion requesting a status of the case.

The Court will grant Plaintiff's motion for status (docket no. 11). The Court will review the

amended complaint and order service of the amended complaint on the named Defendants.

\\\

**STATEMENT**

Plaintiff alleges that on September 26, 1999, he injured his nose while playing volleyball at Salinas Valley State Prison.  This resulted in a broken and flattened nose pushed to the left side of Plaintiff's face.  Correctional Officer White witnessed Plaintiff's injury  and immediately escorted Plaintiff to the medical room located on subfacility "B" yard.  Plaintiff's nose was bleeding profusely at this time.  See Amended Complaint at 2.

Medical Technician Assistant ("M.T.A.") Jimenez began treatment on Plaintiff and within fifteen minutes Plaintiff lost consciousness.  Plaintiff woke up at the prison's main medical facility and received treatment from R.N. Crosby.  Crosby administered medication to Plaintiff and asked Plaintiff numerous questions concerning his injury.  Crosby informed Plaintiff that there was no radiologist available that day, therefore Plaintiff would have to wait until the next day for X-rays to be taken.  Plaintiff then requested that he be allowed to see an outside physician because the prison physician was not available.  Plaintiff believed that his nose was either fractured or broken.  R.N. Crosby refused Plaintiff's request and the correctional officer escorted Plaintiff back to subfacility "B."  Throughout the night, Plaintiff was in excruciating pain and still bleeding profusely from his nose.  Id. at 2-3.

The next day, Plaintiff was suffering from an extreme headache and still bleeding from his nostril.  Plaintiff went to the medical room at subfacility "B" yard and was seen by M.T.A. Turner.  M.T.A. Turner was not aware of Plaintiff's medical situation, as there were no notes or reports of Plaintiff's injury and resulting condition.  M.T.A. Turner wrote up a report and scheduled Plaintiff for X-rays either the next day, September 29, 1999 or September 30, 1999.  Plaintiff again requested to be seen by an outside physician because he was certain his nose was broken.  M.T. A. Turner denied his request.  Plaintiff had significant blood drainage down his throat resulting in his loss of appetite.  Plaintiff was not prescribed any medication for the pain or to help stop the bleeding.  See Amended Complaint at 3.

Plaintiff's September 29, 1999 X- ray appointment was cancelled without any apparent reason.  Correctional Officer McGowen informed Plaintiff that his appointment was rescheduled for October 1, 1999.  On October 1, 1999, after five days from the initial injury, Plaintiff was

1  seen by Dr. Andrew Lucine and X-rays were taken.  The X-rays confirmed that Plaintiff's nose
2  was broken.  Plaintiff then requested that his nose be reset, as it was clear that Plaintiff's nose
3  was pushed to the left side of his face.  However, Dr. Lucine refused to reset Plaintiff's nose.
4  See Amended Complaint at 4.

5      On October 27, 1999, Plaintiff was seen by Dr. Park, who prescribed Ibuprofen and
6  Neosynephrine.  Plaintiff asked Dr. Park to reset his nose, explaining that his nose was
7  continuing to bleed with blood draining down the back of his throat, affecting his appetite.
8  Plaintiff also informed Dr. Park he had difficulty breathing through his nose and was still
9  experiencing extreme pain.  Dr. Park refused to reset Plaintiff's nose and told Plaintiff that he
10  would schedule a follow-up appointment in a week to have the nose reset.  This follow up
11  appointment never occurred and Plaintiff's nose was not reset.  Plaintiff is still experiencing the
12  same medical problems today due to this injury which resulted in permanent disfigurement of his
13  nose.  Id.

14      Plaintiff claims that Defendants' conduct amounted to deliberate indifference to his
15  medical needs in violation of the Eighth Amendment.  Plaintiff names the following Defendants
16  in his complaint: R.N. Crosby, Salinas Valley State Prison; M.T.A. Turner, Salinas Valley State
17  Prison; Dr. Park, Salinas Valley State Prison; and Dr. Andrew Lucine, Salinas Valley State
18  Prison.  Plaintiff seeks a declaratory judgment and  compensatory and punitive monetary
19  damages.  See Amended Complaint at 5-6.

**DISCUSSION**

20

21  A.    Standard of Review

22      Federal courts must engage in a preliminary screening of cases in which prisoners
23  seek redress from a governmental entity or officer or employee of a governmental entity.  28
24  U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any
25  claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or
26  seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).
27  Pro se pleadings must, however, be liberally construed.  Balistreri v. Pacifica Police Dep't, 901
28  F.2d 696, 699 (9th Cir. 1988).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

2   elements:  (1) that a right secured by the Constitution or laws of the United States was violated,

3   and (2) that the alleged deprivation was committed by a person acting under the color of state

4   law.  West v. Atkins, 487 U.S. 42, 48 (1988).

5   B.    Plaintiff's Claim

6         **1.    Deliberate Indifference**

7         Deliberate indifference to serious medical needs violates the Eighth Amendment's

8   proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104

9   (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,

10   WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v.

11   Johnson, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference"

12   involves an examination of two elements: the seriousness of the prisoner's medical need and the

13   nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.

14        A "serious" medical need exists if the failure to treat a prisoner's condition could result

15   in further significant injury or the "unnecessary and wanton infliction of pain."  Id. (citing

16   Estelle v. Gamble, 429 U.S. at 104).  The existence of an injury that a reasonable doctor or

17   patient would find important and worthy of comment or treatment; the presence of a medical

18   condition that significantly affects an individual's daily activities; or the existence of chronic and

19   substantial pain are examples of indications that a prisoner has a "serious" need for medical

20   treatment.  See id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir.

21   1990)).

22        A prison official is deliberately indifferent if he knows that a prisoner faces a substantial

23   risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.

24   Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of

25   facts from which the inference could be drawn that a substantial risk of serious harm exists," but

26   he "must also draw the inference."  Id.  If a prison official should have been aware of the risk,

27   but was not, then the official has not violated the Eighth Amendment, no matter how severe the

28   risk.  Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

1    In order for deliberate indifference to be established, therefore, there must be a

2    purposeful act or failure to act on the part of the defendant and resulting harm.  See McGuckin,

3    974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

4    1985).  A finding that the defendant's activities resulted in "substantial" harm to the prisoner is

5    not necessary, however.  Neither a finding that a defendant's actions are egregious nor that they

6    resulted in significant injury to a prisoner is required to establish a violation of the prisoner's

7    federal constitutional rights.  See McGuckin, 974 F.2d at 1060, 1061 (citing Hudson v.

8    McMillian, 503 U.S. 1, 7-10 (1992) (rejecting "significant injury" requirement and noting that

9    Constitution is violated "whether or not significant injury is evident")).

10    Liberally construed, Plaintiff alleges a cognizable claim against Defendants Crosby,

11   Turner, Park, and Lucine for deliberate indifference to his medical needs.  The Court will order

12   service of the amended complaint.

**CONCLUSION**

13   1.    Plaintiff's motion for status (docket no. 11) is GRANTED.  The Clerk shall

14   send Plaintiff a copy of the docket sheet along with this order.

15   

16   2.    The Clerk shall issue a summons and the United States Marshal shall serve,

17   without prepayment of fees, copies of the amended complaint in this matter (docket no. 10), all

18   attachments thereto, and copies of this order on Defendants R.N. CROSBY, Salinas Valley State

19   Prison; M.T.A. TURNER, Salinas Valley State Prison; DR. PARK, Salinas Valley State Prison;

20   and DR. ANDREW LUCINE, Salinas Valley State Prison.  The Clerk shall also serve a copy of

21   this order on Plaintiff.

22   3.    In order to expedite the resolution of this case, the Court orders as follows:

23   a.    No later than **sixty (60) days** from the date of this order, Defendants shall

24   file a motion for summary judgment or other dispositive motion, or shall notify the Court that

25   Defendants are of the opinion that this case cannot be resolved by such a motion.  The motion

26   shall be supported by adequate factual documentation and shall conform in all respects to

27   Federal Rule of Civil Procedure 56.

28   \\\

1   **<u>Defendants are advised that summary judgment cannot be granted, nor qualified</u>**

2   **<u>immunity found, if material facts are in dispute.  If Defendants are of the opinion that this</u>**

3   **<u>case cannot be resolved by summary judgment, they shall so inform the Court prior to the</u>**

4   **<u>date the summary judgment motion is due</u>**.

5       All papers filed with the Court shall be promptly served on Plaintiff.

6           b.    Plaintiff's opposition to the dispositive motion shall be filed with the

7   Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion

8   is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

9           The defendants have made a motion for summary  judgment by
    which they seek to have your case dismissed.  A motion for summary
10       judgment under Rule 56 of the Federal Rules of Civil Procedure will, if
    granted, end your case.
11           Rule 56 tells you what you must do in order to oppose a
    motion for summary judgment.  Generally, summary judgment
12       must be granted when there is no genuine issue of material fact--
    that is,  if there is no real dispute about any fact that would affect
13       the result of your case, the party who asked for summary judgment
    is entitled to judgment as a matter of law, which will end your
14       case.  When a party you are suing makes a motion for summary
    judgment that is properly supported by declarations (or other
15       sworn testimony), you cannot simply rely on what your complaint
    says.  Instead, you must set out specific facts in declarations,
16       depositions, answers to interrogatories, or authenticated
    documents, as provided in Rule 56(e), that contradict the facts
17       shown in the defendant's declarations and documents and show
    that there is a genuine issue of material fact for trial.  If you do not
18       submit your own evidence in opposition, summary judgment, if
    appropriate, may be entered against you.  If summary judgment is
19       granted in favor of defendants, your case will be dismissed and
    there will be no trial.

20   

21   <u>See</u> <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

22       Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex</u>

23   <u>Corp. v. Catrett</u>, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing

24   summary judgment must come forward with evidence showing triable issues of material fact on

25   every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to

26   Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the

27   granting of the motion, and granting of judgment against plaintiff without a trial.  <u>See</u> <u>Ghazali v.</u>

28   <u>Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th

1 | Cir. 1994).

2 |            c.      Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after

3 | Plaintiff's opposition is filed.

4 |            d.      The motion shall be deemed submitted as of the date the reply brief is due.

5 | No hearing will be held on the motion unless the Court so orders at a later date.

6 |      4.      All communications by the Plaintiff with the Court must be served on Defendants,

7 | or Defendants' counsel once counsel has been designated, by mailing a true copy of the

8 | document to Defendants or Defendants' counsel.

9 |      5.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

10 | and the parties informed of any change of address and must comply with the Court's orders in a

11 | timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

12 | pursuant to Federal Rule of Civil Procedure 41(b).

13 |      6.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

14 | No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

15 | required before the parties may conduct discovery.

16 |      IT IS SO ORDERED.

17 | DATED:  ___2/14/07_____

18 |                        JEREMY FOGEL
                       United States District Judge

1   A copy of this ruling was mailed to the following:

2

3   Guillermo Chavez
    J-98151
    CSP- Corcoran
4   P.O. Box 3466/ 3B05-125L
    Corcoran, CA  93212

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28